## City of Chicago, Appellee, v. John Engdahl, Appellant.

### Gen. No. 30,554.

MUNICIPAL CORPORATIONS—*allegation and proof of unpermitted open-air meeting on street as basis for conviction of holding such meeting upon ground abutting street.* A conviction of violation of an ordinance prohibiting the holding, without a police permit, of any open-air meeting upon any ground abutting upon any street, is not warranted upon a complaint alleging or upon proof showing the holding of such a meeting on a street without such permit.

Appeal by defendant from the Municipal Court of Chicago; the Hon. ALBERT B. GEORGE, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1925. Reversed. Opinion filed May 25, 1926.

DAVID J. BENTALL, for appellant.

FRANCIS X. BUSCH, Corporation Counsel, and SAMUEL E. PINCUS, Prosecuting Attorney, for appellee; ELIOT H. EVANS, of counsel.

Mr. Justice Gridley delivered the opinion of the court.

On June 10, 1925, in a quasi-criminal proceeding, after defendant had waived a trial by jury, the court found him guilty "of a violation of the ordinance described in the complaint," and assessed a fine of $25 against him. His motions for a new trial and in arrest of judgment having been overruled, judgment was entered against him and this appeal followed.

It is alleged in the complaint that, on June 6, 1925, at the City of Chicago, defendant "was then and there unlawfully engaged *in or upon a street,* North Avenue & Orchard Street in the City of Chicago and did hold an open air public meeting *on a ground upon a street* in the City of Chicago, and did then and there fail and neglect to obtain a permit in writing therefor from the Police Department of the said city, in violation of section 3703 of the Chicago Municipal Code of 1922."

The ordinance mentioned reads in part as follows:

"3703. Processions and Open-Air Meetings—Application for Permit. No parade or procession shall be allowed upon any street or public way in the city, nor shall any open-air public meeting be held *upon any ground abutting upon any street* or public way in the city, until a permit in writing therefor shall first be obtained from the police department. Application to conduct such parade or procession or open-air meeting shall be made in writing to the superintendent of police by the person or persons in charge or control thereof, or responsible therefor, * * * and, in case of an open-air meeting, such application shall specify the place at which it is desired to hold such meeting, the purpose thereof and the name of the person, corporation or society in control thereof, or responsible therefor, the time at which such public meeting is to be held, and the probable duration thereof. * * *"

It appears from the complaint that the police officer,

who signed and swore to it, "saw said defendant commit said offense," and then and there arrested him. The bill of exceptions discloses that at the commencement of the hearing, two days after the filing of the complaint, defendant's attorney moved to quash the complaint on the ground that it did not state facts constituting a violation of the particular ordinance mentioned, but that the motion was overruled. The only witness on the hearing was the police officer. He testified that on June 6, 1925, at 9.30 p. m., defendant held an open-air meeting "on Orchard street about 50 feet away from North avenue," in Chicago; that a crowd, numbering about 75 or 100 people, listened to defendant as he spoke, and that defendant had no permit from the police department to hold the meeting. Thereupon defendant's attorney. moved for defendant's discharge upon several grounds, one of them being that "the evidence does not show that defendant is guilty of a violation of the ordinance in question," but the motion was denied.

Among the several points here urged for a reversal of the judgment are (1) that the complaint does not state facts showing a violation of the ordinance and (2) that the evidence does not disclose a violation. In support of these points it is contended that the ordinance only prohibits the holding without a permit of an open-air meeting "upon any ground *abutting upon* any street or public way," and does not prohibit such meetings being held *in or upon* a street, whilst the complaint charges that defendant without a permit held the meeting in question "upon a street," and the evidence showed that he held the meeting without a permit "*on* Orchard street about 50 feet away from North avenue." We feel constrained to hold, in view of the language of the ordinance in reference to open-air meetings, that both of counsel's points are well taken and that the judgment must be reversed. The word "abut" is defined in the Century Dictionary as

"to touch at the end; be contiguous; join at a border or boundary; * * * as his land *abuts* upon mine; the building *abuts on* the highway," etc.

Accordingly, the judgment of the municipal court is reversed.

*Reversed.*

BARNES, P. J., and FITCH, J., concur.